Case No. SACV 11-0335 DOC (RNBx)                          Date: July 6, 2011

Title: DONALD SCHAEFFER v. COUNTY OF ORANGE; TRENT HOFFMAN, ET AL

PRESENT:

                THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

      Before the Court is Defendants' Motion to Dismiss and for More Definite Statement (Docket 16). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS IN PART and DENIES IN PART the Motion.

**I.    Background**

      Plaintiff Donald Schaeffer ("Plaintiff") filed his Complaint on March 2, 2011 (Dkt. 1) and subsequently filed a First Amended Complaint ("FAC") on May 10, 2011 (Dkt. 13) against Defendants County of Orange and Deputy Trent Hoffman ("Hoffman).

      Plaintiff alleges that he was subjected to unreasonable force by Hoffman on February 12, 2010 in Stanton, California. He alleges that Hoffman discharged his firearm at Plaintiff, even though Plaintiff was unarmed and posed no imminent threat. FAC ¶¶ 16-17. As a result of the shooting, Plaintiff suffered serious physical injury, including amputation of his leg, removal of his spleen, and removal of a lung. *Id.* at ¶ 16.

      The FAC asserts causes of action for: (1) unreasonable search and seizure and due

process violation through excessive force and denial of medical treatment pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) municipal liability for unconstitutional custom or policy pursuant to § 1983; (3) battery; (4) negligence; and (5) violation of Bane Act, Cal. Civ. Code § 51.7[1]. Defendants bring the present Motion to dismiss the Bane Act claim and for a more definite statement.

## II. Legal Standard

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Twombly*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possible liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

### B. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "A motion for [a] more definite statement

---

[1] The parties submitted a stipulation to convert any reference to Cal. Civ. Code § 51.7 to a reference to § 52.1. The Court denied that stipulation, and instructed the parties to refile the First Amended Complaint with the correct citations. As of this date Plaintiff has not done so. Because this Order requires Plaintiff to file an additional amended complaint, in the interest of efficiency, the Court will allow Plaintiff to correct the statutory reference in the next complaint, even though he has not yet done so, as well as to make any additional amendments.

pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Id.*; *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

"Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). However, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion . . . require such detail as may be appropriate in the particular case." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

### III. Discussion

#### A. Motion to Dismiss Bane Act Cause of Action

Defendants argue first that Plaintiff's FAC fails to state a claim that Hoffman violated the Bane Act, Cal. Civ. Code § 52.1. The Bane Act establishes a cause of action against one who "whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution . . . or [with the rights] of this state . . . ." Cal. Civ. Code § 52.1. Defendants argue that any conduct which is the basis of a Bane Act claim must involve threats, intimidation, or coercion "independent" of the violation of the constitutional right. In other words, a Bane Act claim involves "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998).

Plaintiff's only response is that the more specific facts will be developed during discovery and that "[i]t is premature for Defendants to seek dismissal of this claim when discovery has not yet even commenced." Plaintiff's Opposition ("Opp'n"), 4. Yet this misstates the law; this is a motion to dismiss, averring that Plaintiff's *allegations alone* are insufficient to state a claim. Plaintiff's FAC need not only state the elements of the claim, but must provide sufficient facts to state a plausible claim; he cannot just allege legal conclusions. *See Iqbal*, 129 S.Ct. at 1949-50.

Defendants rely heavily on *Justin v. City and County of San Francisco*. 2008 WL

1990819 (N.D. Cal. 2008). I n *Justin*, the Court granted summary judgment[2] because Plaintiff had failed to provide sufficient evidence that there was a separate state or constitutional right violated, but only the amorphous "right to be free from violence" which was not separate from the claim of excessive force. *Id.* at *9. Plaintiff's FAC, however, does allege independent violations to make a claim under the Bane Act. As discussed above, "[t]he essence of a Bane Act claim is that the defendant, by "threats, intimidation or coercion," tried to or did prevent the plaintiff from doing something he or she had the right to do under the law, or to force the plaintiff to do something that he or she was not required to do under the law." *Id*. In this instance, Plaintiff alleged that "[Hoffman], while working as a [Sheriff] . . . interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation." FAC ¶ 45. Thus, unlike in *Justin*, there *are* separate constitutional and state violations alleged beyond the actual use of force. Thus, Plaintiff's Bane Act claim need not necessarily fail.

Nevertheless, Plaintiff has not alleged *any* facts to support these additional constitutional and state violations. The conclusory allegations that Hoffman attempted to interfere with Plaintiff's right to equal protection and access to the court are not supported by the minimal facts alleged. Thus, Plaintiff has failed to aver "enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct." *Iqbal.* 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to dismiss the Bane Act claim. Though Plaintiff correctly notes that detailed evidence may emerge at discovery, Plaintiff must plead enough to allow its claim to be plausible.

### B. Motion for a More Definite Statement

Defendants next moves for a more definite statement so they can evaluate whether qualified immunity is an applicable defense. Relying heavily on cases from other, non-controlling jurisdictions, they argue that Plaintiff's factual allegations lack specificity about the shooting and the alleged delay in medical care. As a result, Defendants argue that they cannot be expected to frame a fact-specific qualified immunity defense.

As described above, Motions for a More Definite Statement are disfavored but are subject to the court's discretion. *See Cellars*, 189 F.R.D. at 578. Furthermore, "[t]he clear trend of judicial decisions is to deny motions for a more definite statement unless the complaint is so

---

[2] *Justin* did not involve a motion to dismiss, as Defendants erroneously suggest, but was a summary judgment case. Thus, the standard was higher than in this motion to dismiss.

excessively vague and ambiguous as to prejudice the defendant seriously in attempting to answer it." Amjur Pleading § 420 (citing cases). The burden of proving that excessive vagueness is on the Defendants. *See id.* This Court chooses not to require Plaintiff to make a more definite statement in this instance, where Plaintiff's FAC alleges the sufficient facts for Defendants to respond.

Moreover, Plaintiff is not required to plead his claims in anticipation of Defendants' defenses . The Supreme Court has recognized that requiring plaintiffs to plead around the qualified immunity defense would be tantamount to judicially rewriting the Federal Rules of Civil Procedure. In *Crawford-El v. Britton*, the Supreme Court noted that a district court can preserve the qualified immunity defense early in the litigation process by either requiring a plaintiff to respond to an assertion of qualified immunity or granting a Motion for a More Definite Statement. 523 U.S. 574, 597-98 (1998). The Court also noted, however, its ongoing refusal "to change the Federal Rules governing pleading by requiring the plaintiff to anticipate the immunity defense"). *Id.* at 595. Indeed, demanding that plaintiffs anticipate and plead around the immunity defense would, in effect, create a heightened pleading standard incompatible with the Federal Rules.

The mere fact that Defendants believe they can more easily plead qualified immunity with more facts does not persuade this Court to impose such a burden on Plaintiff. The standard for the alleged Fourth Amendment violations is one of objective reasonableness; this Court believes that Defendants have sufficient information from which to assert their qualified immunity defense. *See C.B. v. Sonora School Dist.*, 691 F.Supp. 2d 1170 (E.D. Cal. 2010) (denying a Motion for a More Definite Statement on the same basis).

Therefore, the Motion for a More Definite Statement is DENIED.

**IV. Disposition**

For the reasons stated above, the Motion is GRANTED as to the Motion to Dismiss the Bane Act cause of action. The Motion is DENIED as to the Motion for a More Definite Statement.

Plaintiff shall have 14 days to amend the FAC.

The Clerk shall serve this minute order on all parties to the action.