UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-0335 DOC (RNBx)                       Date: September 9, 2011

Title: DONALD SCHAEFFER v. COUNTY OF ORANGE; TRENT HOFFMAN, ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CIVIL CODE § 52.1 CLAIM

       Before the Court is Defendants' Motion to Dismiss Plaintiff's Civil Code § 52.1 Cause of Action in Plaintiff's Second Amended Complaint ("SAC"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS the Motion.

     **I.**      **Background**

       Plaintiff Donald Schaeffer ("Plaintiff") filed his Complaint on March 2, 2011 (Dkt. 1) and subsequently filed a First Amended Complaint ("FAC") on May 10, 2011 (Dkt. 13) against Defendants County of Orange and Deputy Trent Hoffman ("Hoffman"). After Defendants' filed their initial motion to dismiss, on July 6, 2011, the Court granted in part and denied in part the motion, dismissing Plaintiff's § 52.1 claim without prejudice, and granting leave to amend. (Dkt. No. 21.) On July 19, 2011, Plaintiff filed his SAC. (Dkt. No. 23.) Through the instant motion, Defendants again seek dismissal of the § 52.1 claim.

       Plaintiff alleges he was subjected to unreasonable force by Hoffman on February 12, 2010 in Stanton, California. He alleges Hoffman discharged his firearm at Plaintiff, even though Plaintiff was unarmed and posed no imminent threat. SAC ¶¶ 16-17. As a result of the shooting, Plaintiff suffered serious physical injury, including amputation of his leg, removal of his spleen, and

removal of a lung.  *Id.* ¶ 16.

The SAC asserts causes of action for: (1) unreasonable search and seizure and due process violation through excessive force and denial of medical treatment pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) municipal liability for unconstitutional custom or policy pursuant to § 1983; (3) battery; (4) negligence; and (5) violation of Bane Act, Cal. Civ. Code § 52.1.  As previously stated, Defendants' motion seeks dismissal of only the Bane Act cause of action.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Twombly*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

## III.  Discussion

Defendants argue that Plaintiff's SAC fails to state a claim that Hoffman violated the Bane Act, Cal. Civ. Code § 52.1.  The Bane Act establishes a cause of action against one who "whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution . . . or [with the rights] of this state . . . ."  Cal. Civ. Code § 52.1.  As in their previous motion to dismiss, Defendants argue that any conduct which is the basis of a Bane Act claim must involve threats, intimidation, or coercion "independent" of the violation of the constitutional right.  Defendants further argue that the only

factual allegation added by Plaintiff against Hoffman is that Hoffman falsified police reports and gave false statements to investigators after he shot Plaintiff.  Defendants argue that Plaintiff's conclusory assertions of interference with his right to equal protection and access to the courts are not supported by factual allegations.  Nor is Plaintiff's allegation he was denied medical care linked to any intimidation, threats, or coercion to delay provision of medical care.

Plaintiff's response is that the SAC alleges separate constitutional and state violations, independent of use of force.  However, Plaintiff does not state what those violations are.  Plaintiff goes on to conclude that Defendants' argument, that § 52.1 requires a separate independent act apart from the violation of a constitutional right, is without merit.  Plaintiff reiterates violation of his rights to be free from unreasonable searches and seizure, receive equal protection under law, access the courts, and be free from state actions that shock the conscience.  However, this conclusory statement is not supported by factual allegations.

Defendants again rely heavily on *Justin v. City and County of San Francisco*, No. C05-4812 MEJ, 2008 WL 1990819, *9 (N.D. Cal. May 25, 2008), for the proposition that a plaintiff must allege threats intimidation or coercion independent of the alleged violation of a federal or state constitutional right, or in this case, the right to be free from unlawful use of force in violation of the Fourth Amendment.  As the Court stated in its July 6, 2011, order, Plaintiff alleges independent violations to make a claim under the Bane Act.  To reiterate, "[t]he essence of a Bane Act claim is that the defendant, by "threats, intimidation or coercion," tried to or did prevent the plaintiff from doing something he or she had the right to do under the law, or to force the plaintiff to do something that he or she was not required to do under the law.**"** *Id*. In this instance, Plaintiff alleged that "[Hoffman], while working as a [Sheriff] . . . interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation."  SAC ¶ 45.

Nonetheless, as before, Plaintiff fails to allege *any* facts to support these additional violations.  Under § 52.1, Plaintiff is required to allege facts demonstrating an interference, or attempted interference, through *threats, intimidation, or coercion*, with constitutional rights, which may be the rights Plaintiff lists in paragraph 45 of the SAC.  However, alleging excessive force is not tantamount to alleging threats, intimidation, or coercion. *Lanier v. City of Fresno*, No. CV F 10-1120 LJO SKO, 2011 WL 149802, *5 (E.D. Cal. Jan. 18, 2011) (dismissing § 52.1 claim because, although plaintiff's complaint alleged interference with Fourth Amendment rights, there were no allegations that the officer interfered through use of threats, intimidation or coercion, or interfered with rights separate of the Fourth Amendment; the court concluded that "allegations of excessive force do not equate to section 52.1 threats, intimidation or coercion").

As the Court stated before, it is not enough to simply state certain constitutional

rights were violated (*e.g.*, equal protection).  Plaintiff must allege facts demonstrating violation of a constitutional right through threats, intimidation or coercion, keeping in mind that alleging excessive force is not a substitute for alleging threats, intimidation or coercion.  Such allegations are wholly absent from the SAC.  Plaintiffs allegation that Hoffman falsified police reports, without further explanation regarding how Plaintiff was threatened, intimidated, or coerced by these statements, is insufficient.

Accordingly, the Court GRANTS Defendants' Motion to dismiss the Bane Act claim.  Plaintiff's fifth claim for relief is dismissed without prejudice.

## IV.    Disposition

For the reasons stated above, the Motion is GRANTED.

Plaintiff shall have 14 days to amend the SAC.

The Clerk shall serve this minute order on all parties to the action.